UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HNATIUK,
    Petitioner,

Case No. 06-13880

v.

Honorable Patrick J. Duggan

LLOYD RAPELJE,
    Respondent.
_____/

# OPINION AND ORDER DENYING PETITION FOR THE WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 8, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Daniel Hnatiuk ("Petitioner"), a state prisoner currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 31, 2006, challenging his 2004 conviction for second degree murder. On August 11, 2008, this Court granted Petitioner's motion to hold the petition in abeyance so that he could exhaust five additional claims that were included in a motion for relief from judgment filed in the state trial court on July 19, 2007. Petitioner later returned to this Court with an amended petition including his newly exhausted claims and this Court lifted the stay on November 4, 2009. Since then Petitioner's amended petition has been fully briefed. The amended petition and all other pre-trial matters were referred to Magistrate Judge Komives for a Report and Recommendation ("R&R").

On May 7, 2010, Magistrate Judge Komives filed his R&R recommending that this Court deny Petitioner's amended petition for the writ of habeas corpus and also deny Petitioner a Certificate of Appealability ("COA"). At the conclusion of the R&R, Magistrate Judge Komives advises the parties that they may object to and seek review of the R&R within 14 days of service upon them. (R&R at 37-38.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." ( *Id.* at 38.) Petitioner filed objections to the R&R on May 26, 2010, and notice of supplemental authority on May 28, 2010.

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). Objections, however, are "to be specific in order to focus the [Court's] attention on only those issue that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Id.* Additionally, to the extent the Court can identify specific objections, the Court "is not required to articulate all of the reasons it rejects a party's objections." *Thomas*, 131 F. Supp. 2d at 944; *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

In his 28 pages of objections, Petitioner disagrees with Magistrate Judge Komives's recommendation in this case and generally attempts to relitigate everything in the R&R, but he fails to identify specific errors contained therein. For example, Petitioner dedicates some of his objections to the argument that the Court should consider the merits of his claims regardless of any procedural default alleged by Respondent. At the start of the legal analysis

2

in the R&R, however, Magistrate Judge Komives agreed with this contention, stating, "Given that the cause and prejudice inquiry merges with an analysis of the merits of petitioner's defaulted claims, it is better to simply consider the merits of these claims, even if they are defaulted." (R&R at 10.) Therefore, it is unclear to the Court why Petitioner's argument has been reasserted in the objections.

As to the substantive issues in the R&R, Petitioner generally indicates his position on each matter and presents relevant law but does not specifically dispute Magistrate Judge Komives's analysis and contrary conclusions. For example, Petitioner makes conclusory assertions that his trial counsel was ineffective and that his plea was involuntary and unknowing because his trial counsel allegedly provided erroneous information regarding the likely sentencing consequence of his plea. Petitioner does not address, however, how he could have prejudicially relied on such erroneous information when the trial court advised him that he could be sentenced to life and Petitioner stated that he understood and was not acting on promises or coercion by entering a plea. (*See* R&R at 18-21.) This basic pattern is repeated as to each substantive argument addressed in Petitioner's objections. Having carefully reviewed the entirety of Petitioner's objections and Magistrate Judge Komives's R&R, the Court concurs with the conclusions reached by Magistrate Judge Komives.

Finally, Petitioner requests in his objections that, should this Court adopt the R&R, it grant him permission to proceed *in forma pauperis* on appeal. *See* Fed. R. Civ. P. 24. Although Magistrate Judge Komives recommended that the Court deny Petitioner a COA, the R&R does not address *in forma pauperis* status on appeal. *In forma pauperis* status may be denied where any appeal would be frivolous and cannot be taken in good faith. *See* Fed.

R. App. P. 24(a). Based on the analysis set forth in the R&R, the Court concludes that any appeal in this case would be frivolous.

Accordingly,

**IT IS ORDERED** that the Amended Petition for the Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** and that leave to proceed *in forma pauperis* on appeal is **DENIED**.

A judgment consistent with this opinion shall enter.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Daniel Hnatiuk , 483544
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623

Laura A. Cook, A.A.G.